# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HEELING SPORTS LIMITED,**

**-vs-**                                                                 **Case No.  6:06-cv-1834-Orl-28DAB**

**ADVAN FASHION, INC.,  SHIHSEN
TSAO,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS (Doc. No. 35)** |
| **FILED:** | **January 22, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Following Defendants' abandonment of the litigation, the District Court struck the Answers and ordered entry of a default (Doc. Nos. 33, 34).  Plaintiff now moves for entry of a default judgment,  seeking only injunctive relief, due to the inability to locate the Defendants for purposes of discovery as to damages.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages.  Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th

Cir. 1987).  A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975).  If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

The Complaint alleges infringement of Plaintiff's Patents and entitlement to both an award of  damages and injunctive relief (Doc. No. 1).  The Court accepts the well-plead allegations as to liability and concludes that Defendants have infringed on the Patents.  As set forth in the motion, however, Plaintiffs concede their present inability to calculate damages, and, accordingly, the motion seeks only injunctive relief, in the form of the attached proposed judgment (Doc. No. 35-Exhibit 1). As liability is established and Plaintiff is entitled to injunctive relief (35 U.S.C. § 283), it is **respectfully recommended** that the Court **grant** the motion and enter the proposed judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 30, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

-2-